**UNITED STATES DISTRICT COURT**
**FOR THE  DISTRICT OF MARYLAND**
**(Northern Division)**

BROADCAST MUSIC, INC.*, et al.*              *

      Plaintiffs                                   *

  v.                                              Civil Action No: 1:25-cv-03218-JRR

                                                              *

DISORDER, LLC *d/b/a* OTTOBAR *, et al*

                                                                *

      Defendants

\*          \*          \*          \*          \*          \*          \*

**RESPONSE  OF DEFENDANTS DISORDER, LLC AND TECLA TESNAU**
**TO MOTION FOR SUMMARY JUDGMENT**

Disorder, LLC, *t/a* Ottobar, and Tecla Tesnau, Defendants, by Peter A. Prevas, their attorney, in Response to the Motion for Summary Judgment filed against them states:

1. Defendants concede liability and do not oppose the entry of partial summary judgment as to liability only as to each of the Defendants.

2. Defendants oppose the entry of summary judgment on the issue of damages and suggest that the nature and amount of damages are more appropriately determined by the Court after a hearing,  argument of counsel and the opportunity of the Court to engage in questioning in order to come to a well informed decision.

3. For example, Plaintiffs suggest that it is appropriate to award three (3) times actual damages (the amount of the annual licensing fee had the defendants obtained a license) and provide a conclusory statement that the annual licensing fee would be approximately $6,820.00 Document 30-3 page 4 of 35 (Declaration of John Flynn- Memorandum Exhibit B page 4 Paragraph 18). Plaintiffs request this annual fee for three (3) years $20,460.00 times three or roughly $60,000.00.

In Document 30-3 page 24 of 35, Affidavit  Exhibit C, a proposed Licensing Agreement with actual calculations specifies an annual fee of $1,960.00 ($5,880.00 for three (3) years and $17,640.00 treble damages) without any explanation of the disparity. Furthermore, a review of the website confirms that the musical acts performing at the Ottobar perform original music for which they have full authority to perform.  Plaintiffs take the position that there is always the possibility that these acts will perform a cover of a BMI licensed song that they did not otherwise get permission from the owner to perform and therefore a full licensing fee is required. Liability followed only after the Ottobar expanded its entertainment beyond live original music by providing  Karaoke and DJ when a live act was not booked. As a result, the Court should inquire into the Plaintiffs assumptions for its calculations before arriving at its determination of damages.

WHEREFORE, Defendants, Disorder, LLC, and Tecla Tesnau request that this matter be scheduled for a hearing on the issue of damages after the previously postponed settlement conference be rescheduled.

/s/   PETER   A.   PREVAS
Bar No: 11564
Prevas and Prevas
309 North Charles Street
Suite 200
Baltimore, MD 21201
410-752-2340-phone
410-332-0474-fax
443-756–6658-cell
prevasandprevas@verizon.net
Attorney    for    Defendants,
Disorder,LLC    and    Tecla
Tesnau

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of June 2026, I mailed, first class, postage prepaid and/or efiled a copy of the foregoing Reponse to motion for Summary Judgment to Marie J. Ignozzi, Esquire, RKW, LLC, 10075 Red Run Boulevard, Suite 401, Owings Mills, MD 21117, Attorney for Plaintiffs.

/s/ PETER A. PREVAS