IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

BROADCAST MUSIC, INC., et al.,

Plaintiffs,

v.

DISORDER LLC d/b/a OTTOBAR and
TECLA TESNAU, individually,

Defendants.

CIVIL ACTION NO.:
1:25-cv-03218-JRR

### FIRST AMENDED DECLARATION OF JOHN FLYNN

I, John Flynn, am competent to testify and under penalties of perjury state as follows:

1. I am a Vice President, Licensing, for Broadcast Music, Inc., hereinafter referred to as "BMI", and I maintain an office at 10 Music Square East, Nashville, Tennessee 37203. I have personal knowledge of the matters set forth herein and am fully familiar with the facts and circumstances in this matter as well as with BMI's general licensing procedures.

2. As a matter of routine business practice, BMI sends to the proprietors of establishments where music is publicly performed license agreements and information explaining the need to obtain permission from copyright owners in order to lawfully publicly perform copyrighted music in their establishment. Copies of such correspondence are maintained at BMI's Licensing Office, under my supervision.

3. Prior to October 2023, BMI learned that Ottobar, located at 2549 North Howard Street, Baltimore, Maryland 21218, was offering musical entertainment without a license from BMI granting permission to publicly perform the copyrighted music works in the BMI repertoire.

Ottobar is operated by the Defendants. On October 5, 2023, BMI sent a letter to the establishment and advised that a license was required. An informational brochure and a BMI license agreement containing a license fee schedule were enclosed. The Defendants were advised that BMI represented hundreds of thousands of writers and publishers, and that BMI had the right to license several million musical compositions. The Defendants did not respond to that communication. Copies of this correspondence are produced in attached Exhibit C.

4.      BMI sent additional similar communications by letter and email to Defendants on October 12, 2023, October 18, 2023, October 27, 2023, November 4, 2023, November 7, 2023, November 17, 2023, November 29, 2023, December 1, 2023, December 7, 2023, and December 14, 2023. Defendants did not respond to any of BMI's emails or letters. Copies of these correspondences are produced in attached Exhibit C.

5.      On December 14, 2023, BMI sent the Defendants a letter via FedEx which instructed them to cease the public performance of BMI-licensed music. Copies of this correspondence are produced in attached Exhibit C. The letter was delivered on December 19, 2023. Please find FedEx proof of delivery attached hereto as Exhibit A.

6.      BMI sent additional letters and/or emails notifying the Defendants of their legal obligations to Defendants on January 11, 2024 and January 26, 2024. Copies of these correspondences are produced in attached Exhibit C.

7.      BMI also employs licensing personnel who work under the supervision of the Licensing Directors. They assist BMI's licensing efforts by making telephone calls and personal visits to potential licensees. They make a contemporaneous note of each telephone call and personal visit made. Copies of these records are maintained at BMI's offices, along with copies of the correspondence discussed above.

8. BMI's records reflect that BMI licensing personnel telephoned Ottobar on nine (9) occasions.

9. Despite BMI's efforts, the Defendants failed to respond and did not enter into a license agreement with BMI but continued to offer unauthorized public performance of BMI-licensed music.

10. Accordingly, in order to protect the rights of the publishers and writers affiliated with BMI, Paula Porsche was authorized to visit Ottobar and make an audio recording and written report of the music being publicly performed on the evening of May 14, 2025. The Certified Infringement Report specifies one of three of the compositions (Goodbye Earl) which are alleged in Plaintiffs' Complaint to have been performed at Ottobar.

11. The audio recording of the May 14, 2025, visit was submitted to BMI and in turn to a BMI Performance Identification employee, John Davis, to review the recording and identify or verify any additional recorded musical works or additional live performances. Mr. Davis' review of the audio recordings confirmed the one composition identified by Ms. Porsche that is alleged in Plaintiffs' Complaint to have been performed at Ottobar.

12. Paula Porsche was authorized to visit Ottobar on a second occasion and make an audio recording and written report of the music being publicly performed on the evening of August 2, 2025, and the early morning of August 3, 2025. The Certified Infringement Report specifies two of the three compositions (I Just Died In Your Arms a/k/a (I Just) Died In Your Arms and Take On Me) which are alleged in Plaintiffs' Complaint to have been performed at Ottobar.

13. The audio recording of the evening of August 2, 2025 and the early morning of August 3, 2025 visit was submitted to BMI and in turn was submitted to a digital review through

patented digital audio technology, licensed to BMI by Shazam Entertainment Limited, to identify any additional recorded musical works. This review of the audio recordings confirmed the performance of one of the three compositions (Take On Me) that is alleged in Plaintiffs' Complaint to have been performed.  Copies of the Certified Infringement Report, Certifications related to the digital review and chain of custody, and the Performance Identification Declaration pertaining to the review are attached as Exhibit B.  The Certifications and Declarations identify all of the compositions which are alleged in Plaintiffs' Complaint to have been performed at Ottobar.

14.    On June 16, 2025, BMI sent the Defendants a letter by FedEx and first-class mail advising of the investigation.  Copies of this correspondence are produced in attached Exhibit C.

15.    Unless otherwise indicated, all correspondence which I have indicated that BMI sent to the defendants was sent by first-class mail and was properly addressed, stamped and deposited in a U.S. mail receptacle by persons in BMI's employ.

16.    Copies of the above correspondence are attached as Exhibit C.

17.    BMI has not issued a license to any person authorizing the performance at Ottobar of any of the works alleged to have been infringed.  Upon information in BMI's possession to date, none of the owners of the copyrights of any of said works has issued such a license to any person.

18.    Upon information and belief, the Defendants are still publicly performing music licensed by BMI at Ottobar. As of the date of this Declaration, BMI has not received an executed license from the Defendants.  Subsequent to executing the original Declaration of John Flynn, BMI received the Baltimore City Fire Department occupancy certificates identifying a total of 306 patrons on site. Copies of said occupancy certificates are attached hereto as Exhibit D.  Had the Defendants entered into an agreement at the time BMI first contacted them in October 2023, the

4

estimated license fees between October 2023 and the present would have been approximately $14,091.30. The current annual license fee would be approximately $4,819.50.

Pursuant 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Date: June10, 2026

_____
John "Jack" Flynn